NOT DESIGNATED FOR PUBLICATION

No. 126,962

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CORY ELLIOT WABSKI,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; JOHN W. FRESH, judge. Opinion filed December 13, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ISHERWOOD, P.J., WARNER and HURST, JJ.

PER CURIAM: Corey Elliot Wabski appeals the district court's order revoking his probation and imposing his underlying prison sentence. This court granted Wabski's motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48) requesting that the case be submitted without briefing. This court finds that the controlling appellate law is dispositive, and the district court did not abuse its discretion in revoking Wabski's probation and imposing his underlying prison sentence. Accordingly, the district court's decision is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Wabski with felony possession of methamphetamine, felony possession of marijuana, misdemeanor possession of drug paraphernalia, and misdemeanor interference with a law enforcement officer related to his conduct in August 2020. Pursuant to a plea agreement, Wabski pled no contest to just one count of felony possession of methamphetamine in exchange for the State dismissing the remaining charges. At sentencing, on August 18, 2022, the district court noted that according to the presentence investigation report Wabski had a criminal history score of C—to which Wabski did not object—and sentenced him to 30 months in prison. However, the district court granted Wabski's motion for a downward dispositional departure and suspended the prison sentence and ordered Wabski to serve 12 months of probation.

In October 2022, about two months after his sentencing, the State moved to revoke Wabski's probation, alleging he had not made any payments on his court costs and failed to report to his probation officer on September 27, 2022. According to the affidavit, a letter was mailed to Wabski's last known address on September 27, 2022, notifying him to report on October 5, 2022, and Wabski also failed to report at that time. Before a hearing was held on the State's motion, the State amended the affidavit supporting its motion for revocation to also allege that Wabski violated the law in 2023-CR-60 in contravention of his probation terms and conditions.

The district court held a hearing on the State's motion to revoke in which Wabski's probation officer testified that Wabski failed to report twice and failed to pay the ordered costs. The district court found that Wabski had violated the terms of his probation by failing to report and not paying the costs, but it reserved its ruling on whether Wabski committed a new criminal offense in 2023-CR-60. The court also reserved its disposition—waiting on more information regarding Wabski's commission of a new crime.

As part of a global resolution of the still pending motion to revoke Wabski's probation and his pending charges in 2023-CR-60, the court held a hearing where Wabski stipulated to violating his probation by failing to pay $758 in costs and not reporting to his probation officer as directed. Then, as part of the global plea agreement, Wabski pled no contest to felony fleeing or attempting to elude law enforcement in exchange for the State dismissing the remaining charges. As part of the global plea agreement, Wabski also agreed to revocation of his probation and to serve the underlying 30 months' imprisonment and the parties agreed that his sentence in 2023-CR-60 would then run concurrent with his underlying sentence in this case.

On September 8, 2023, the court held a joint hearing for sentencing in 2023-CR-60 and a disposition hearing for the State's motion to revoke Wabski's probation in this case. The district court agreed to follow the parties' jointly proposed disposition of both cases and revoked Wabski's probation, imposed the underlying 30-month prison sentence, and ordered that Wabski's sentence in 2023-CR-60 run concurrent with that revoked sentence.

Wabski appealed the revocation of his probation and imposition of his underlying prison sentence.

DISCUSSION

Wabaski claims the district court abused its discretion by revoking his probation, and this court granted Wabski's motion for summary disposition pursuant to Rule 7.041A because it appeared established appellate law definitively supported the district court's decision.

Probation violation proceedings have two stages:  the first where the district court must determine whether a violation occurred, and—provided that the court found a

3

violation occurred—a second disposition stage where the district court determines the proper adjudication for that violation. *State v. Skolaut*, 286 Kan. 219, 229, 182 P.3d 123 (2008). Once a violation is established, the district court has broad discretion in the disposition stage to impose a variety of sanctions so long as the sanction complies with the statutory framework. See, e.g., *State v. Dooley*, 308 Kan. 641, 647-51, 423 P.3d 469 (2018) (explaining the court's discretion to impose sanctions within statutory requirements). Revocation of probation and imposition of the underlying sentence is just one of the available dispositions. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Appellate courts review the district court's decision to revoke a person's probation for abuse of discretion, which occurs when the judicial action is based on an error of law or fact or is arbitrary, fanciful, or unreasonable. 315 Kan. at 328.

Wabski committed the crime underlying the conviction at issue in this appeal in August 2020; therefore, the statute applicable to the sanctions—including revocation—available for his probation violations is K.S.A. 2020 Supp. 22-3716. See *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020). Generally, when a probationer violates their probation terms under that statutory framework, a district court must impose intermediate jail sanctions before revoking probation and imposing the underlying sentence. K.S.A. 2020 Supp. 22-3716(c)(1)(B), (C). However, the district court may bypass the intermediate sanctions requirement when, as here, the defendant received probation as the result of a dispositional departure or if the person committed a new crime while on probation. K.S.A. 2020 Supp. 22-3716(c)(7)(B), (C).

Wabski does not argue that the district court's decision to revoke his probation was based on a legal or factual error—the sentencing court granted probation through a dispositional departure and Wabski committed a new crime while on probation. Rather, Wabski argues that the district court's decision to revoke his probation was unreasonable and thus an abuse of discretion.

4

Under these circumstances, this court cannot say the district court acted unreasonably in revoking Wabski's probation. The district court granted Wabski a dispositional departure to probation—an act of grace because Wabski was not statutorily entitled to probation given his criminal history score and the severity of his crime of conviction. Rather than embracing that opportunity to avoid prison, Wabski violated the terms of his probation and committed a new crime. When, as here, the probationer is granted probation through a dispositional departure the district court is not required to impose intermediate sanctions before revoking their probation. K.S.A. 2020 Supp. 22-3716(c)(7)(B).

At the disposition hearing, Wabski off-handedly argued that his probation term had already ended and thus should not be revoked—even though the imposition of his underlying prison term was part of a global plea agreement. In an effort for completeness, this court notes that although Wabski's disposition hearing was held on September 8, 2023, the district court had previously held an adjudication hearing in July 2023—before the end of his probation term—where it determined that he violated the terms of his probation. Therefore, the delay in the court's disposition of that adjudication until shortly after the term of probation does not undermine its decision. See *State v. Hall*, 287 Kan. 139, 143-44, 195 P.3d 220 (2008) (finding a multi-year delay in issuance of probation revocation warrant and its adjudication did not violate probationer's due process rights); *Skolaut*, 286 Kan. at 229 (permitting consideration of post-probation conduct during disposition phase). In fact, the court has 30 days after the term of probation "to issue a warrant for the arrest or notice to appear for the defendant to answer a charge of a violation of the conditions of probation." K.S.A. 22-3716(e). Here the court held a hearing and determined that Wabski violated the terms of his probation in July 2023, which was well before the end of his probation term in September 2023, and the time between the adjudication until the disposition Wabski was held in custody on separate charges. Under these circumstances, the district court did not err in delaying the

5

disposition until October 2023, which was shortly after Wabski's term of probation ended.

## CONCLUSION

After the district court determined that Wabski violated the terms of his probation by failing to report and pay costs as directed, the court delayed its disposition until it could determine if Wabski also committed a new crime—which would also be a violation of his probation. As part of a global plea agreement, Wabski pled guilty to committing a new crime and the district court—in accordance with the plea agreement—revoked his probation and imposed his underlying sentence. Wabski claims no error of fact or law but merely asserts that the district court's decision was so unreasonable as to constitute an abuse of discretion. This court finds nothing unreasonable about the district court's decision under the circumstances.

Affirmed.